THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
OTIS LEE BROOKS, Defendant-Appellant.

Fourth District   No. 14961

Opinion filed March 20, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After trial by jury in the circuit court of Champaign County, defendant Otis Lee Brooks was convicted of attempted robbery and sentenced to 2 years' imprisonment. He appeals, arguing that the evidence did not support the jury's finding that his guilt was proved beyond a reasonable doubt.

Most of the facts of this unusual case are not disputed. Slightly before 6:30 a.m. on August 20, 1978, defendant entered a grocery store in Champaign. The store had been open all night. At the time, only defendant, the store cashier, an assistant manager and a bread delivery salesman were in the store. Defendant went to a rack, picked up a package of potato chips and went up to the counter where the cashier stood. He handed her the bag of potato chips and a note on a 4″ by 6″ piece of paper. The note was written in longhand and stated:

> "Put the money in the Bag quitly [*sic*] & quickly. don't try no trick because I got a fourty-5 [*sic*]. Thank you."

The cashier read at least the first line of the note and then told the defendant that he owed 21 cents for the purchase of the potato chips. The

defendant then handed the cashier a quarter and the cashier took it, made change and handed the change to the defendant. The defendant left taking the note with him. The defendant drove away in a car, was later stopped by the police and was taken to the police station. Later he told them he had thrown the paper containing the note away in front of the store. The note was found in that area. The only fingerprints found on the note were not those of defendant. A handwriting expert was not able to determine if the handwriting on the note was that of the defendant.

Defendant testified that when approaching the cashier, he saw a piece of paper on the counter and gave it to the cashier without looking at it. After he paid the cashier he was also given a piece of paper which he thought was a receipt. Without looking at it, he took it and, before entering his car which was parked in front of the store, threw it away outside the store. He explained that later at the police station after he heard conversation among officers about a note having been given to the cashier, he told a detective about his having thrown a note away in front of the store.

Defendant's testimony was directly contradicted to the extent that (1) the cashier testified that defendant picked up the note rather than her having given it to him, (2) the bread delivery salesman who followed defendant out of the store testified that defendant got into a car parked at a next-door lumber yard even though the store parking lot was empty, and (3) officers testified that it was unlikely, although possible, for defendant to have heard conversation about the note before telling them where the note was. The defendant's explanation was refuted by the cashier's further testimony. She stated that she felt defendant was unarmed although he had his right hand on his belt and accordingly she told him twice that he owed 21 cents. She stated that defendant appeared very startled when she gave this response.

To the extent that the State's direct evidence contradicted that of the defendant, the jury could have accepted the former. To do this and still find the defendant not guilty, the jury would have had to accept the coincidence of the following as a reasonable hypothesis: (1) the defendant entered the store to make a purchase at an early morning hour when the store parking lot was very empty, but parked in the lot of a nearby lumber yard, (2) a threatening note demanding money happened to be on the cashier's counter, (3) although the defendant was only making a minor purchase, the cashier's request for 21 cents so startled him that she had to repeat the request, (4) the defendant thought a 4″ by 6″ paper was a receipt for the single 21-cent purchase, and (5) the defendant overheard enough of a police officer's conversation to conclude that the supposed receipt he threw away was a note threatening the cashier and demanding

money. The jury could have concluded such hypothesis to be unreasonable.

The evidence supported the verdict. We affirm.

Affirmed.

REARDON, P. J., and TRAPP, J., concur.